IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CURTIS BRYON SCROGGINS                                                                PLAINTIFF

vs.                                       Civil No. 2:12-cv-02184

CAROLYN W. COLVIN                                                                      DEFENDANT
Commissioner, Social Security Administration


**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Curtis Bryon Scroggins ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of disability under Titles II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable P.K. Holmes, III referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments of counsel, this Court recommends Plaintiff's case be **REVERSED AND REMANDED.**

**1.     Background:**

Plaintiff protectively filed applications for SSI and DIB on October 15, 2009. (Tr. 9, 133-143). Plaintiff alleged being disabled due to depression, restless leg syndrome, diabetes mellitus, obesity, osteoarthritis, and anxiety disorder. (Tr. 199). Plaintiff alleged an onset date of December 22, 2008. (Tr. 9, 133, 137). These applications were denied initially and again upon reconsideration.

1

(Tr. 71-74). On March 25, 2010, Plaintiff requested an administrative hearing on his applications. (Tr. 90-91).

The hearing request was granted, and a hearing was held on September 2, 2010 in Fort Smith, Arkansas. (Tr. 24-70). Plaintiff was present and was represented by counsel, Matthew Ketchum, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") John Massey testified at this hearing. *Id.* On the date of this hearing, Plaintiff was forty-nine (49) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008) (DIB) and 20 C.F.R. § 416.963(c) (2008) (SSI). (Tr. 28). Plaintiff testified he had obtained his GED and had completed vocational certification courses for carpentry and basic computers. (Tr. 28-29).

On December 13, 2010, the ALJ entered an unfavorable decision denying Plaintiff's applications for SSI and DIB. (Tr. 9-19). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through June 30, 2014. (Tr. 11, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since December 22, 2008, his alleged onset date. (Tr. 11, Finding 2). The ALJ determined Plaintiff had the following severe impairments: diabetes mellitus, obstructive sleep apnea, restless leg syndrome, obesity, degenerative joint disease of his left knee, hypertension, and major depression. (Tr. 11-12, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 12-14, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 14-17, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined, based upon his

2

review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except he can only occasionally climb ramps/stairs, can never climb ladders/ropes/scaffolds, and can only occasionally balance, stoop, kneel, crouch and crawl. In addition, the claimant must avoid temperature extremes, wetness and humidity. The claimant is further limited to work that involves only simple tasks with routine supervision, superficial contact with co-workers and supervisors, and no contact with the general public.

(Tr. 14-17, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 17-18, Finding 6). The VE testified at the administrative hearing regarding this issue. *Id.* Based upon this testimony, the ALJ determined Plaintiff did not retain the capacity to perform any of his PRW. *Id.* The ALJ also evaluated whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 18-19, Finding 10). The VE also testified at the administrative hearing regarding this issue. *Id.*

Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual retained the capacity to perform work as a nut and bolt assembler with 180 such jobs in Arkansas and 6.500 such jobs in the United States and as a production worker or bench assembler with 500 such jobs in Arkansas and 27,800 such jobs in the United States. (Tr. 18-19, Finding 10). Based upon this testimony, the ALJ determined Plaintiff was not under a disability, as defined by the Act, at any time from his alleged onset date of December 22, 2008 through the date of the ALJ's decision or through December 13, 2010. (Tr. 19, Finding 11).

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 5). On June 25, 2012, the Appeals Council declined to review this unfavorable

decision. (Tr. 1-3). On August 15, 2012, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 10-11. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that

his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In his appeal brief, Plaintiff claims the ALJ's decision should be reversed for the following reasons: (1) the ALJ did not fully develop the record in assessing his RFC; (2) the ALJ improperly discounted his subjective complaints of pain; (3) the ALJ erred in assessing his credibility; and (4) the ALJ improperly found there were jobs existing in significant numbers that he could perform.  ECF No. 10 at 11-19.  In response, Defendant argues that substantial evidence supports the ALJ's RFC finding, the ALJ properly considered Plaintiff's subjective complaints, and  the ALJ properly relied on the VE's testimony at Step Five of the analysis.  ECF No. 11 at 5-20.  Because the Court

finds the ALJ's mental RFC determination is not supported by substantial evidence in the record, the Court will only address Plaintiff's first argument for reversal.

In the present action, the ALJ found Plaintiff had the following mental limitations: "The claimant is . . . limited to work that involves only simple tasks with routine supervision, superficial contact with co-workers and supervisors, and no contact with the general public." (Tr. 14-17, Finding 5). In his opinion, the ALJ did not indicate which medial records support his finding that Plaintiff has those *specific* limitations. (Tr. 14-17).

Upon review of the record in this case, the Court finds there is no substantial evidence supporting the ALJ's assessment of Plaintiff's mental RFC. Indeed, Plaintiff's treating psychologist, Dr. B. Clark Williams, Ph.D., is the only examining doctor who provided an opinion as to Plaintiff's limitations due to his mental impairment. (Tr. 527-529). In this report, Dr. Williams stated Plaintiff suffered from marked limitations in his activities of daily living and in maintaining social functioning. (Tr. 527). Dr. Williams also found Plaintiff suffered from "[d]eficiencies of concentration, persistence or pace resulting in frequent failure to complete tasks in a timely manner (in work settings or elsewhere)." *Id.* Dr. Williams has also being treating Plaintiff since January 25, 2010, and those treatment records are included in the transcript in this matter. (Tr. 396-472).

In his opinion, the ALJ discounted the findings of Dr. Williams. (Tr. 17). The ALJ discounted his findings based upon the following: (1) his determination that Dr. Williams's opinions were not consistent with Plaintiff's treatment records and (2) his determination that Dr. Williams's findings were not consistent with Plaintiff's hearing testimony. *Id.*

First, the ALJ stated that Dr. Williams's findings were not consistent with Plaintiff's treatment records because in his treatment records, "the claimant consistently denied a history of

suicidal ideation and appetite disturbance." (Tr. 17). While this is true, the fact Plaintiff denied suicidal ideation and appetite disturbance does not provide a basis for discounting Dr. Williams's findings that Plaintiff suffered from, for instance, marked limitations in his activities of daily living and in maintaining social functioning. Notably, in these treatment records, Dr. Williams also found Plaintiff suffered from major depressive disorder which was recurrent and severe. (Tr. 397). Such a notation certainly supports Dr. Williams's restrictions, but the ALJ did not address this fact when he discounted Dr. Williams's findings.

Second, the ALJ discounted Dr. Williams's findings based upon his determination that his findings were not consistent with Plaintiff's testimony at the administrative hearing in this matter. (Tr. 17). Specifically, the ALJ stated that despite Dr. Williams's findings regarding Plaintiff's mental limitations, Plaintiff only testified suffering from one anxiety attack: "claimant testified he had an anxiety attack **once** at Wal-Mart when he saw some of his prior coworkers and was afraid they were going to see him." *Id.* However, at the administrative hearing in this matter, Plaintiff testified about more than just this anxiety. (Tr. 44-47). Plaintiff also testified that he entirely lacked motivation due to his major depressive disorder. (Tr. 47). Certainly such testimony supports Dr. Williams's findings regarding Plaintiff's depression. Again, this testimony was entirely ignored by the ALJ.

Because the ALJ did not provide a sufficient basis for discounting the opinions of Plaintiff's treating psychologist and has provided no other basis to support his assessment of Plaintiff's mental restrictions, the Court finds the ALJ's RFC assessment of Plaintiff's mental limitations is not supported by substantial evidence in the record. Based upon the record, his finding that Plaintiff is "limited to work that involves only simple tasks with routine supervision, superficial contact with

7

co-workers and supervisors, and no contact with the general public" is entirely arbitrary and not supported by substantial evidence in the record.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence.  This Court recommends that the ALJ's decision be reversed and remanded.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.  See** *Thompson v. Nix***, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 26th day of June 2013.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE